IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANELLE JOHNSON, individually
and on behalf of all other
similarly situated Persons,

    Plaintiff,

vs.                                                    Civil No. 06-43 WJ/ACT

THE HERTZ CORPORATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendant's Motion to Dismiss (Doc. 5). Having considered the submissions of the parties and being fully advised on the law, I conclude that Defendant's motion is well taken in part so will be granted in part and denied in part.

**BACKGROUND**

On November 3, 2005, Plaintiff rented a car from Hertz for one day at the rate of $46.99 per day plus applicable taxes, surcharges and fees. Plaintiff's rental agreement with Hertz set forth terms and conditions including "refueling options" as follows:

> (1) If you do not purchase fuel from Hertz at the beginning of your rental and you return the car with at least as much fuel as was in it when you received it, you will not pay Hertz a charge for fuel.

> (2) If you do not purchase fuel from Hertz at the beginning of your rental and you return the car with less fuel than was in it when you received it, Hertz will charge you a fuel and service charge [FSC] at the applicable per-mile or per-gallon rate specified on the Rental Record.

> . . .
>
> (3) If you choose to purchase fuel from Hertz at the beginning of your rental by selecting the fuel purchase option, you will be charged as shown on the Rental Record for that purchase. If you choose this option, you will not incur an additional fuel and service charge, but you will not receive any credit for fuel left in the tank at the time of return . . . .

Defendant's Exhibit 2. These terms and conditions are in paragraph 8 of the terms and conditions that are printed on the "rental folder" or "rental jacket." The Rental Record, a computer generated document signed by Plaintiff at the time of her rental states, "Pursuant to paragraph 8 of the rental agreement, fuel & service charges apply at $5.99 per gallon or, if you do not buy fuel during the rental, at $.207 per mile. Both rates produce approximately the same result."

Plaintiff did not pre-pay for fuel. She returned the vehicle with less than a full tank of gas, and was charged the FSC at the rate of $5.99 per gallon for a total of $9.76. This charge was made to Plaintiff's credit card.

On December 13, 2005, Plaintiff filed a Class Action Complaint for Damages and Equitable Relief in the Second Judicial District Court, County of Bernalillo, State of New Mexico. The Complaint alleges that the FSC is a violation of the New Mexico Uniform Commercial Code - Leases ("UCC-Leases"), N.M. Stat. Ann. §§ 55-2A-108 and 55-2A-504. The Complaint also alleges that the FSC is unreasonable liquidated damages and constitutes a penalty clause in violation of New Mexico common law. The Plaintiff seeks damages including the return of FSC paid or, alternatively, the difference between the FSC charged and the actual harm or loss to defendant. Plaintiff also seeks equitable relief in the form of an order requiring Defendant to cease and desist from its allegedly unlawful conduct and conform its lease provisions to applicable

New Mexico law.  The Complaint alleges that Plaintiff is representative of a class of persons that include all New Mexico residents who were charged an FSC by Defendant Hertz.[1]

On January 17, 2006, Defendant removed this action to federal court under the Class Action Fairness Act (CAFA), which permits a defendant to remove a class action to federal court if membership the class is not less than 100, any member of the plaintiff class is a citizen of a state different from any defendant, and the aggregate amount in controversy exceeds $5,000,000.  28 U.S.C. §§ 1332(d), 1453(b).  On January 20, 2006, Defendant filed the instant motion to dismiss arguing that Plaintiff has failed to state a claim.  Defendant argues that the FSC is not liquidated damages under the common law or under the UCC-Leases because it is not a penalty for a breach of the lease agreement.  Defendant further argues that the FSC is not unconscionable under the common law or the UCC-Leases.  Defendant contends that the Plaintiff's claims are barred as a matter of law by the "voluntary payment doctrine."  Finally, Defendant urges that it is entitled to dismissal of Plaintiff's prayer for equitable relief.

**LEGAL STANDARD**

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."  Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987).  When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in

---

[1] Excluded from the class are the presiding judge and any other judge assigned to this case, the immediate family of such judges, class counsel, the Defendant, and all of Defendant's officers, directors, employees, agents and attorneys.

the Complaint and construe them in the light most favorable to the plaintiff. Tonkovich v. Kansas Bd. of Regents, University of Kansas, 254 F.3d 941, 943 (10th Cir. 2001).

**DISCUSSION**

I.   "VOLUNTARY PAYMENT DOCTRINE"

Defendant argues that Plaintiff's claims are barred by the "voluntary payment doctrine" because Plaintiff voluntarily paid the FSC with full knowledge of all the facts. Under the voluntary payment doctrine, payments voluntarily made with full knowledge of all material facts cannot be recovered in the absence of fraud or duress. Rabbit Ear Cattle Co. v. Frieze, 453 P.2d 373, 374 (N.M. 1969); Cheesecake Factory, Inc. v. Baines, 964 P.2d 183, 185-86 (N.M. App. 1998). The voluntary payment doctrine is an equitable, affirmative defense. BMG Direct Marketing, Inc. v. Peake, 178 S.W.3d 763, 768 (Tex. 2005).

Because the voluntary payment doctrine is a defense, and Defendant bears the burden of proving that defense, dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) on the basis of that defense would not be appropriate. Accordingly, the Court will not consider Defendant's argument with regard to the voluntarily payment doctrine in determining whether Plaintiff has stated any claim in her Complaint.

II.  IS THE FSC, AS A MATTER OF LAW, NOT AN UNCONSCIONABLE TERM IN THE LEASE AGREEMENT?

The determination of unconscionability in contracts under the UCC-Leases and under New Mexico common law is a matter of law to be determined by the Court. See N.M. Stat. Ann. 1978 § 55-2A-108(1); State of New Mexico v. Garley, 806 P.2d 32, 39 (N.M. 1991). The New Mexico Supreme Court has defined unconscionable contract terms as those "such as no man in his

4

senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other." Garley, 806 P.2d at 39. In Garley, the court described the touchstone of determining unconscionable contract terms as "gross unfairness." Id. However, the doctrine is "intended to prevent oppression and unfair surprise, not relieve a party of a bad bargain." Id. As the New Mexico Court of Appeals recognized, unconscionability is generally recognized when a contract term or clause shows an absence of any meaningful choice by one party. Bowlin's, Inc. v. Ramsey Oil Co., Inc., 662 P.2d 661 (N.M. App. 1983).

Lack of meaningful choice is relevant to analysis of procedural unconscionability. Guthmann v. La Vida Llena, 709 P.2d 675, 679 (N.M. 1985). Procedural unconscionability examines "the circumstances surrounding the contract formation, including the particular party's ability to understand the terms of the contract and the relative bargaining power of the parties." Id. In contrast, substantive unconscionability examines the actual contract terms to determine whether they are illegal, contrary to public policy or grossly unfair. Id.

Plaintiff's Complaint clearly alleges substantive unconscionability by alleging that the FSC rate of $5.99 per gallon is unconscionable because it reflects a rate that is two to three times the actual cost of fuel. Plaintiff's response to the motion to dismiss appears to argue that the FSC is procedurally unconscionable because it is not a fully disclosed option in that much of the relevant information regarding the FSC is contained in the rental jacket which is not presented to a lessee until after the lease contract has been negotiated. While the factual allegations in the Complaint do not expressly lay out the basis for the claim of procedural unconscionability, the notice pleading requirements of Fed. R. Civ. P. 8 do not compel a Plaintiff to set forth all facts with

particularity. Plaintiff's allegations of unconscionability are sufficient to put Defendant on notice of a claim under a procedural or substantive theory.

While the determination of unconscionability is a matter of law, the UCC-Leases states that, "Before making a finding of unconscionability . . . the court . . . shall afford the parties a reasonable opportunity to present evidence as to the setting, purpose, and effect of the lease contract or clause thereof, or of the conduct. . .." N.M. Stat. Ann. 1978 § 55-2A-108(3). The New Mexico Supreme Court has held that "[A] court in which a portion of a contract, including a lease, is challenged as unconscionable should receive evidence, if relevant, as to its commercial setting, purpose and effect in ruling on unconscionability." Garley, 806 P.2d at 39. In my view, an analysis of procedural unconscionability will often require a court to take evidence on the circumstances surrounding contract formation. However, in a straightforward consumer lease such as the one in this case, the only evidence relevant to the issue of substantive unconscionability will often be limited to the lease contract itself and the terms set forth within the four corners of the agreement.

In this case, Plaintiff's allegation that the FSC was not fully disclosed until after she signed the lease is a circumstance on which the court would need to receive evidence before making a legal determination with regard to unconscionability.[2] Accordingly, I will deny Defendant's motion to dismiss to the extent Plaintiff's unconscionability claim relies on allegations of procedural unconscionability.

---

[2]The Court notes that the FSC rate of $5.99 per gallon is listed on the computer generated "Rental Record" signed by Plaintiff at the time of the rental, and that the full terms and conditions set forth in paragraph 8 are cross referenced in the same portion of the "Rental Record."

Plaintiff's allegation of substantive unconsionability rests on an allegation that, as a matter of law, charging $5.99 per gallon of fuel for the FSC is unconscionable because it is disproportionate to the actual cost of fuel and is thus unfair and unreasonable. The terms of the rental agreement are referenced in the Complaint and are central to Plaintiff's claims, and the Court may consider the actual rental agreement in ruling on Defendant's motion to dismiss. <u>GFF Corp. v. Assoc. Wholesale Grocers, Inc.</u>, 130 F.3d 1381, 1384 (10th Cir. 1997). There is no other evidence that would be relevant to the determination of substantive unconscionability based on this allegation. Accordingly, I will proceed to determine whether, as a matter of law, the FSC is substantively unconscionable.

The terms of the entire rental agreement clearly state that a renter has the option of prepaying for fuel or refueling the car herself before returning it, and that a renter who does not prepay fuel and subsequently returns the car without refueling will be charged the FSC of $5.99 per gallon. Thus, the renter clearly may avoid the FSC by prepaying for fuel or by simply refueling the car before returning it. Of course, Plaintiff is correct that the mere avoidability of a cost in a contract does not make it conscionable, and it would almost certainly be unconscionable for Defendant to charge an FSC of, for example, fifty-nine dollars per gallon. But Defendant is not charging fifty-nine dollars per gallon, so the hypothetical fifty-nine dollar gallon is not a useful analogy.

The Court need not decide the price point per gallon for an FSC below which would be conscionable and above which would be unconscionable. Nor need the Court define the precise point on a scale at which a bad bargain becomes grossly unfair and unconscionable. Suffice it to say that, as a matter of law, $5.99 per gallon for no more than a full tank of gas in a car, even at

7

two to three times the market price of fuel, is not so grossly unfair as to be unconscionable even if it is a really bad bargain. Thus, as a matter of law, I conclude that the FSC is not substantively unconscionable, and Plaintiff's claim of unconscionability under New Mexico common law and UCC-Leases, N.M. Stat. Ann. 1978 § 55-2A-108 shall be dismissed for failure to state a claim to the extent the claim is based on the allegation that the FSC rate of $5.99 per gallon is unconscionably disproportionate and unfair.

III. DOES THE FSC CONSTITUTE UNREASONABLE LIQUIDATED DAMAGES OR A PENALTY CLAUSE IN VIOLATION OF NEW MEXICO COMMON LAW OR N.M. STAT. ANN. 1978 § 55-2A-504?

Defendant argues that Plaintiff's claims alleging that the FSC is unreasonable liquidated damages or an unenforceable penalty clause must fail because there can be no liquidated damages or penalty clauses in the absence of a breach of the contract, and the FSC provision in the lease contract is a method of performance rather than a penalty for breach. Plaintiff contends that the FSC is a penalty for breach. Alternatively, Plaintiff contends that, even though a breach is required for a claim under New Mexico common law, the UCC-Leases does not require a breach in order to find that a liquidated damages provision is unreasonable.

Under the New Mexico common law, a "penalty" provision in a contract is defined as "a term fixing unreasonably large liquidated damages" and "a liquidated damages provision applies in case of a breach of contract." Nearburg v. Yates Petroleum Corp., 943 P.2d 560, 566 (N.M. App. 1997). In Nearburg, the court made clear that, when a term comes into effect in the absence of a breach of the contract, the term does not involve liquidated damages or an unenforceable penalty. Id. The court also determined that an election in a contract cannot be characterized as a breach. Id.

Defendant contends that the option of returning the car without refueling and paying the FSC was one of three options Plaintiff had for meeting her performance requirement on the contract with regard to refueling. Plaintiff urges that there were only two options - pre-paying for fuel or refueling herself - and that the FSC was a penalty or liquidated damages for breaching the contract by failing to refuel herself or pre-pay for fuel.

The lease contract at issue in this case clearly lists three enumerated options for refueling. The first option Plaintiff was given was to refuel the car herself and avoid any fuel charges by Defendant. The second option was to pay the FSC if she did not pre-pay for fuel and did not refuel the car herself. The third option allowed Plaintiff to prepay for fuel, return the car without refueling, but forfeit the value of any fuel remaining in the car at the time of return. The FSC was clearly one of three methods Plaintiff could choose to satisfy her obligation under the contract to pay for or replace the fuel that was provided in the car when she rented it. Accordingly, her choice to not pre-pay for fuel and to return the car without refueling was not a breach of her rental contract, and the FSC was her chosen method of performance rather than liquidated damages or a penalty for breach. Accordingly, Plaintiff's claim alleging unreasonable liquidated damages or an unenforceable penalty clause under New Mexico common law must fail.

Under the UCC-Leases, "Damages payable by either party for **default**, **or any other act or omission** . . . may be liquidated in the lease agreement but only at an amount or by a formula that is reasonable in light of the then anticipated harm caused by the default or other act or omission." N.M. Stat. Ann. 1978 § 55-2A-504(1) (empahsis added). Section 55-2A-504 is titled "Liquidation of damages." The term "default" is not defined anywhere within the UCC-Leases or

9

within the UCC as a whole.[3]  However, the UCC general provisions provide that general principles of law and equity are applicable and supplement the provisions of the UCC unless they are displaced by a particular provision of the UCC.  N.M. Stat. Ann. 1978 § 55-1-103.

As noted above, Plaintiff contends that a breach is not required for a claim alleging unreasonable liquidated damages under § 55-2A-504(1).  Plaintiff's argument rests on the language indicating that this provision applies to damages for "default or any other act or omission."  According to Plaintiff's argument, a default is any breach, and the "or any other act or omission" language of the statute expands the application of the provision to any payment required under the contract for any act or omission even if that act or omission is not a breach of the contract.  In other words, Plaintiff contends that a default and a breach are coextensive and the terms are interchangeable.  Defendant points out that the entire statutory section is titled "liquidated damages" and that damages are only available when there has been a breach of a contract.

Under general principles of contract law, damages, including liquidated damages, are money paid to compensate a party for another party's breach.  See generally, Dan B. Dobbs, Law of Remedies § 12.1 (2d ed. 1993).  The Court has found no provision of law that permits any form of contract damages absent a breach.  Thus, the fact that the statutory section in question is

---

[3]Defendant urges that "default" is defined in N.M. Stat. Ann. 1978 § 55-2A-523(1).  This subsection lists specific remedies a lessor may pursue if a lessee defaults by (1) failure to pay; or (2) wrongful rejection or revocation.  Defendant reads this as the complete and narrow definition of "default."  However, a full reading of this section shows that subsection (3) permits other remedies "if a lessee is otherwise in default."  Thus, subsection (1) is not a definition of "default" but is, rather, a limitation on the types of default which trigger the remedies listed in subsection (1).

10

specifically addressed to the issue of liquidated damages is strong indication that this section only applies when there has been a breach of a lease agreement.

Black's Law Dictionary 428 (7th ed. 1999) defines default as "the omission or failure to perform a legal or contractual duty; esp., the failure to pay a debt when due." Thus, a default under a contract is certainly a breach of that contract. However, not every breach is necessarily a default. For instance, Plaintiff's lease agreement provided that allowing the rental vehicle to be used to tow or push anything would be a breach of the rental agreement. Defendant's Exhibit 2 ¶ 5. If Plaintiff had used her rental car to tow a trailer, she would have breached her rental agreement, but it would stretch beyond logic the definition of the word "default" to say that she had failed to perform a contractual duty. Therefore, a "default" and a "breach" are not necessarily coextensive and the terms are not interchangeable. The language in § 55-2A-504(1) addressing damages for "default or any other act or omission" does not expand the application of the section to apply to damages for acts and omissions that are not otherwise a breach of contract.

As previously explained, in light of the unambiguous language of the contract at issue, Plaintiff has not alleged that she breached the rental agreement. Accordingly, she does not state a claim for unreasonable liquidated damages in violation of N.M. Stat. Ann. § 55-2A-504, and Defendant is entitled to dismissal of this claim.

IV.     PLAINTIFF'S REQUEST FOR EQUITABLE AND DECLARATORY RELIEF

Defendant contends that Plaintiff's request for equitable and declaratory relief should be dismissed. Defendant's first argument is that Plaintiff has failed to state any cause of action entitling her to any relief. The Court has already concluded that Plaintiff has stated a claim under

11

New Mexico common law and the UCC-Leases for procedural unconsionability based on her allegations that the FSC is not fully disclosed until after the lease agreement is signed.

Defendant also urges that Plaintiff is not entitled to equitable relief because, in the event she has stated a claim, she has an adequate remedy at law, i.e., money damages. Plaintiff is seeking to represent a class of persons, and the Court cannot conclude as a matter of law based solely on the allegations in Plaintiff's complaint and the terms of the rental agreement that Plaintiff has an adequate remedy at law such that her prayer for equitable relief should be dismissed for failure to state a claim.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby GRANTED IN PART and Plaintiff's claims of substantive unconscionability, unreasonable liquidated damages and unenforceable penalty provision under New Mexico common law and under the UCC-Leases are hereby DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss is hereby DENIED IN PART to the extent Plaintiff alleges a claim under New Mexico common law and the UCC-Leases for procedural unconscionability and requests equitable relief.

_____
UNITED STATES DISTRICT JUDGE